1  DENNIS A. CAMMARANO/BAR NO. 123662
   CAMMARANO LAW GROUP
2  555 East Ocean Boulevard, Suite 501
   Long Beach, California  90802
3  Telephone:  (562) 495-9501
   Facsimile: (562) 495-3674
4  Email: dcammarano@camlegal.com

5  Attorneys for Plaintiff,
   SOMPO JAPAN INSURANCE COMPANY OF AMERICA

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOMPO JAPAN INSURANCE COMPANY OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ORIENT OVERSEAS CONTAINER LINE, LTD.; DYNAMIC WORLDWIDE LOGISTICS, INC.; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants.<br>_____ | Case No.:<br><br>**COMPLAINT FOR DAMAGE TO CARGO;  NEGLIGENCE; BREACH OF CONTRACT; DECLARATORY RELIEF** |

　　　Plaintiff alleges:

### JURISDICTIONAL ALLEGATIONS

　　　1.　　This dispute involves an international, intermodal, import shipment of Cargo and thus, is a case in admiralty giving rise to the court's jurisdiction pursuant to 28 U.S.C. §1333(1) and Rule 9(h) of the Federal Rules of Civil Procedure, as hereinafter more fully appears.

　　　2.　　The case is governed by federal law, including the United States Carriage of Goods by Sea Act, 49 U.S.C. §1301 et. seq. and 28 U.S.C. 1367.

### GENERAL ALLEGATIONS

　　　3.　　At all times material herein, Plaintiff SOMPO JAPAN INSURANCE COMPANY OF AMERICA, (hereinafter "SOMPO") is an insurance corporation

*Complaint for Damage to Cargo, etc.*

with a place of business at 11405 N. Community House Road, Suite 500, Charlotte, North Carolina 28277-1502 and was the liability insurer of Nissin International Transport U.S.A., Inc. ("NISSIN").

4. NISSIN acted as a non-vessel operating common carrier in agreeing to move the below described Cargo from Vietnam to Chicago, Illinois via Los Angeles and to the order of American Mitsuba Corporation.

5. NISSIN engaged Defendant ORIENT OVERSEAS CONTAINER LINE, LTD. (hereinafter "OOCL") to move the Cargo from Vietnam to Chicago via Los Angeles.

6. At all times material herein, Defendant ORIENT OVERSEAS CONTAINER LINE, LTD. (hereinafter "OOCL"), was a foreign corporation organized and existing under the laws of Hong Kong engaged in business as a common carrier of goods for hire between various foreign ports and ports in California and authorized to do business in California with a United States headquarters at 10913 South River Front Parkway, #200, South Jordan, UT 84095 and principal place of business in the United States at 17777 Center Drive Dr., Ste. 500, Cerritos, CA 90703.

7. At all times material herein, Defendant DYNAMIC WORLDWIDE LOGISTICS, INC. ("DYNAMIC") was a foreign corporation engaged in business as a non-vessel operating common carrier of goods for hire between various ports and ports in California and authorized to do business in California with an office and place of business at 14141 Alondra Blvd., Santa Fe Springs, CA 90670.

8. Plaintiff has no knowledge of the true names and capacities of Defendants sued herein as Does 1 through 10 inclusive, except that Plaintiff is informed and believes, and on that basis alleges, the damage to the cargo was proximately caused by Defendants' wrongful acts. Plaintiff therefore sues these Defendants by such fictitious names and Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

9. Plaintiff is informed and believes, and on that basis alleges, that each of the Doe Defendants were at all times herein mentioned the agent, servant, employee or contractor of the other Defendants.

10. On or about June 2, 2016, Defendants received a shipment of auto parts ("Cargo") to be carried from Vung Tau, Vietnam to Los Angeles, California in the same good order and condition as when received.

11. The Cargo moved under bill of lading OOCL2572731690 in container OOLU0189015.

12. Defendants, and each of them, failed and neglected to carry, handle, monitor and deliver the Cargo and maintain its good order and condition as when received. To the contrary, on or about June 28, 2016, the Cargo was involved in a domestic transit loss, was transloaded into Container OOLU431605 and later delivered damaged in Chicago.

13. By reason of the foregoing, the subrogated insurer of owner of the Cargo brought claim against NISSIN in the amount of $125,742.47.

14. Plaintiff, NISSIN's liability insurer, mitigated the loss by settlement of the claim for $9,500.

15. Plaintiff, in turn, seeks reimbursement from Defendants for $9,500, plus interest and costs of suit.

**FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS**
**(Non-Delivery of Cargo)**

16. Plaintiff refers to paragraphs 1 through 15, inclusive, of this Complaint and incorporates them herein as if fully set forth.

17. Defendants, and each of them, failed and neglected to discharge and deliver the Cargo to its intended destinations in the same good order and condition as when received. The Cargo was never delivered.

18. By reason of the foregoing, Plaintiff has been damaged in the amount of $9,500, plus miscellaneous expenses, interest and costs, no part of which has

been paid by Defendants.

## SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS

### (Negligence)

19. Plaintiff refers to paragraphs 1 through 18, inclusive, of this Complaint and incorporates them herein as if fully set forth.

20. The loss and damage to the Cargo was directly and proximately caused by the negligence and carelessness of Defendants and each of them.

21. As a direct and proximate result of the negligence and carelessness of Defendants, Plaintiff has been damaged in the amount of $9,500, plus miscellaneous expenses, interest and costs, no part of which has been paid by Defendants.

## THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS

### (Breach of Contract)

22. Plaintiff refers to paragraphs 1 through 21, inclusive, of this complaint and incorporates them herein as though fully set forth.

23. Defendants, and each of them, agreed to safely handle, store, count, transport, monitor and deliver the Cargo in the same good order and condition as when received.

24. Defendants materially and substantially breached their agreement by failing to deliver the Cargo in the same good order and condition as when received. To the contrary, the Cargo was delivered damaged.

25. As a direct and proximate result of the material breach of contract by Defendants, Plaintiff has been damaged in the amount of $9,500, plus miscellaneous expenses, interest and costs, no part of which has been paid by Defendants.

## FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

### (Declaratory Relief)

26. There is currently an actual controversy and dispute among Plaintiff

and Defendant and BNSF Railway Company involving the rights and responsibilities for a June 28, 2016 derailment in Texas and ensuing damage to the Cargo resulted. Plaintiff and OOCL contend they are without fault, responsibility or blame for any of the damages suffered by Plaintiff as more fully described in the complaint of OOCL under case number 3:17-cv-02392-JFW-JEM, the allegations of which are incorporated by reference.

27. Plaintiff is informed and believes that BNSF Railway contends otherwise.

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

1. For general damages in the sum of $9,500, plus miscellaneous expenses, interest and costs;

2. For costs of suit herein;

3. For a judicial determination that BNSF Railway is obliged to indemnify and pay Plaintiff for the damages asserted herein and in OOCL's complaint referred to above;

4. For such other and further relief as this court deems just and proper.

Dated: June 26, 2017                    CAMMARANO LAW GROUP


                                        By: /s/Dennis A. Cammarano
                                            Dennis A. Cammarano
                                            Attorneys for Plaintiff,
                                            SOMPO JAPAN INSURANCE
                                            COMPANY OF AMERICA
                                            3410complaint062617.wpd

*Complaint for Damage to Cargo, etc.*